TAYLOR, Admr.,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION█

Court of Claims of Ohio.

No. 93–03951.

Decided May 15, 1995.

*Spangenberg, Shibley, Lancione & Liber, John D. Liber* and *John R. Liber II;* and *Larry E. Coey,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Roger F. Carroll,* Assistant Attorney General, for defendant.

J. WARREN BETTIS, Judge.

Trial in this matter was bifurcated and proceeded on the sole issue of liability. On July 1, 1994, the court issued a decision in favor of plaintiff and against defendant. On March 31, 1995, the court rendered its decision on the issue of damages, wherein the court found that plaintiff was entitled to damages pursuant to R.C. 2305.21 in the amount of $100,000 and damages pursuant to R.C. 2125.01 in the amount of $1,400,000.

Upon agreement of the parties, simultaneous briefs were subsequently submitted on the sole issue of collateral source recovery pursuant to R.C. 2743.02(D). Upon review of the briefs and stipulations submitted by the parties, the court makes the following findings and judgment.

R.C. 2743.02(D) states in pertinent part that "[r]ecoveries against the state shall be reduced by the aggregate of insurance proceeds, disability award[s], or other collateral recovery received by the claimant. * * *" As enunciated in his brief, plaintiff asserts that the collateral source provision of the Court of Claims Act is unconstitutional as being in conflict with the Constitution of the state of Ohio. Specifically, plaintiff asserts that the Ohio Supreme Court's recent holding in *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 633 N.E.2d 504, effectively

establishes the unconstitutionality of R.C. 2743.02(D). Although this court has serious reservations regarding the constitutional viability of R.C. 2743.02(D) at this time, the court is unwilling to find said provision unconstitutional.

Therefore, the court finds that plaintiff has received the following sources of collateral recovery pursuant to R.C. 2743.02(D):

(1) $76,128.00—workers' compensation

(2) $3,200.00—single workers' compensation award

(3) $68,599.81—public safety officer benefits

(4) $25,992.00—NEA life insurance

(5) $25,000.00—state employee life insurance

(6) $1,360.84—Victims of Crime Fund

As a result, the court finds that the damage award previously found in the amount of $1,500,000 shall be reduced by the aggregate of the proceeds received by plaintiff, *i.e.*, $200,280.65.

Judgment is accordingly rendered for plaintiff and against defendant in the amount of $1,299,719.35. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

*Judgment accordingly.*